STATE OF NORTH CAROLINA v. LORENZO JOHNSON

No. 399PA83

(Filed 3 April 1984)

1. Robbery § 4.6— armed robbery—sufficiency of evidence

In a prosecution for the armed robbery of a Marine named Polk, the evidence was sufficient to withstand defendant's motion to dismiss where it tended to show that defendant accompanied two men, Hawkins and Carlos, during the robbery of a Marine in an open field near Jacksonville; later defendant accompanied Carlos, Hawkins, and his codefendant Lewis on three trips to a bus station in Jacksonville where a common pattern of crime was established in that Carlos, Lewis and defendant went into the bus station, approached a Marine, offered him a ride to the military base, brought him to Hawkins' car, and entered the car with two of the men flanking the Marine; Carlos then threatened the Marine with a knife and demanded his money as Hawkins drove; they put the Marine out of Hawkins' car after the robbery was completed; this pattern was broken only in the third instance when the Highway Patrol stopped the automobile. In each situation, defendant accompanied the other men, went into the bus station, came out with a Marine and rode in the car where the robberies occurred. In addition to these consistent, patterned actions defendant, according to Hawkins' testimony, asked the victim Polk,

State v. Johnson

"What else you got?" after Carlos had demanded his money. This evidence was sufficient to permit a reasonable inference that defendant intended to assist in the commission of the robbery of the victim and communicated this intent to the others involved.

**2. Robbery § 5.6— failure to instruct on mere presence in armed robbery prosecution—no error**

The Court of Appeals erred in reversing defendant's conviction in an armed robbery case on the basis that the trial court failed to instruct on mere presence at the scene of a robbery where a review of all the evidence demonstrated that defendant actually participated in the commission of the robberies.

ON petition for discretionary review of a decision by the North Carolina Court of Appeals, 63 N.C. App. 173, 304 S.E. 2d 248 (1983), ordering a new trial upon defendant's appeal of his conviction of armed robbery before *Judge Brown*, presiding at the 28 June 1982 Session of ONSLOW Superior Court. *See* N.C. Gen. Stat. § 7A-31(c) (1981).

*Rufus L. Edmisten, Attorney General, by John R. Corne, Assistant Attorney General, for the state appellant.*

*Ellis, Hooper, Warlick, Waters and Morgan by Charles H. Henry for defendant appellee.*

EXUM, Justice.

The questions presented are whether the evidence was sufficient to convict and whether the Court of Appeals erred in concluding that it was error warranting a new trial for the trial court to refuse defendant's request to instruct the jury that defendant's "mere presence" at the scene of the crime, standing alone, was an insufficient basis for conviction. We conclude the evidence was sufficient for conviction and did not warrant a "mere presence" instruction. We reverse the Court of Appeals' contrary decision.

I.

On the evening of 30 January 1982, Donnell Hawkins drove his father's car to a car wash in Kinston, North Carolina. At the car wash, Hawkins met defendant and another man whom Hawkins identified as Carlos. These three men, accompanied by a Marine who agreed to give Hawkins "some gas money" for a ride to Jacksonville, drove to Jacksonville.

After leaving the Marine at a military base near Jacksonville, Hawkins, accompanied by Carlos and defendant, parked the car at a nightclub across from an open field. Under Carlos' direction, the three men went into the open field. Shortly thereafter, a Marine came walking across the field. When the Marine approached them, Carlos brandished a knife and demanded his money. The Marine complied. As these three men were leaving the field, another Marine began chasing them. They ran to Hawkins' car and drove away.

After driving around the area, the three men drove to a bus station in Jacksonville. Carlos, defendant and another man, Tyrone Lewis, went into the bus station. Hawkins waited outside near the car. Soon the three men came out with another Marine, James Greathouse. These five men got into the car: Hawkins was driving, Carlos was in the front seat with him, and defendant and Lewis were on either side of Greathouse in the back seat. While they were riding, Carlos reached over the seat with a knife and demanded Greathouse's wallet. After he complied, Greathouse was put out of the car.

The four men again drove to the same bus station and parked in approximately the same place. Carlos, defendant, and Lewis again entered the bus station. Lewis approached another Marine, David Polk, and asked him if he needed a ride to the military base. Polk acknowledged that he did and left the bus station with the three men. They entered Hawkins' car, with Hawkins driving. Carlos again sat in the front seat while defendant and Lewis flanked Polk in the back seat. As they were driving, Carlos reached over the seat with his knife and demanded Polk's money and shoes. After Polk gave Carlos his wallet, one of the men in the back seat asked if he had anything else. Polk was also put out of the car.

The men again drove to the Jacksonville bus station. Another Marine was lured into the car under the guise of offering him a ride to the military base. This time, however, the Marine sat in the front seat between Hawkins, who was driving, and Carlos. A highway patrolman stopped the car and, with the aid of other law enforcement officers, arrested Hawkins, Carlos, Lewis and defendant.

Defendant, Lewis, and Hawkins were charged with two counts of armed robbery involving the victims Greathouse and Polk, respectively. Immediately before trial, Hawkins entered into a plea bargain through which he pled guilty to common law robbery and testified against defendant and Lewis. Defendant and Lewis were tried jointly on both counts. Hawkins testified for the state and related basically the facts set out above. Defendants offered no evidence. The trial court dismissed the armed robbery counts involving the victim Greathouse as to both defendants due to insufficient evidence. The jury convicted defendant of the armed robbery of David Polk, but acquitted Lewis of the same charge.

The North Carolina Court of Appeals ordered a new trial, holding that the trial court erred in failing to give defendant's requested jury instruction on the issue of "mere presence." We allowed the state's petition for discretionary review on 6 December 1983.

## II.

[1] Initially, we must consider whether the state presented sufficient evidence from which the jury could find defendant guilty of the armed robbery of David Polk. On a motion to dismiss based upon insufficient evidence, the court must consider whether the state has presented substantial evidence of each element of the crime charged. *State v. Bates*, 309 N.C. 528, 533, 308 S.E. 2d 258, 262 (1983). This standard "requires that the evidence must be existing and real, not just seeming and imaginary." *State v. Irwin*, 304 N.C. 93, 97-98, 282 S.E. 2d 439, 443 (1981). The evidence must be evaluated in the light most favorable to the state, allowing the state every reasonable inference to be drawn from that evidence. *State v. Thomas*, 296 N.C. 236, 250 S.E. 2d 204 (1978).

In order for the state to survive defendant's motion to dismiss in this case, it must present evidence of each of the essential elements of the crime of armed robbery. Under N.C. Gen. Stat. § 14-87 (1978), armed robbery is "the nonconsensual taking of the personal property of another in his presence or from his person by endangering or threatening his life with a firearm or other deadly weapon, with the taker knowing that he is not entitled to the property and intending to permanently deprive the owner thereof." *Bates*, 309 N.C. at 534, 308 S.E. 2d at 262. Defend-

ant does not contend that Polk was not the victim of an armed robbery. The uncontroverted evidence establishes that he was. Rather, defendant contends that he was not a participant in the armed robbery. In essence, defendant claims that he was merely present and completely passive during the commission of this crime.

Certainly, defendant's presence at the scene of the crime, standing alone, does not make him guilty of the offense even if he sympathizes with the criminal act and does nothing to prevent it. *State v. Gaines*, 260 N.C. 228, 132 S.E. 2d 485 (1963); *State v. Hargett*, 255 N.C. 412, 121 S.E. 2d 589 (1961). To sustain defendant's conviction, the state's evidence must reasonably support a finding that defendant was present with the intent to aid the perpetrator in the armed robbery should his assistance have become necessary and that such intention was communicated to the perpetrator. This communication need not, however, be made expressly by defendant; it "may be inferred from his actions and from his relation to the actual perpetrator." *State v. Rankin*, 284 N.C. 219, 223, 200 S.E. 2d 182, 185 (1973).

The uncontroverted evidence shows that defendant accompanied Hawkins and Carlos during the robbery of the first Marine in the open field near Jacksonville. Later, defendant accompanied Carlos, Hawkins and his codefendant Lewis on three trips to the bus station in Jacksonville. These three trips to the bus station disclosed a common pattern: Carlos, Lewis, and defendant went into the bus station, approached a Marine, offered him a ride to the military base, brought him to Hawkins' car, and entered the car with two of the men flanking the Marine. Carlos then threatened the Marine with the knife and demanded his money as Hawkins drove. They put the Marine out of Hawkins' car after the robbery was completed. This pattern was broken only in the third instance when the highway patrolman stopped the automobile. In each situation, defendant accompanied the other men, went into the bus station, came out with a Marine, and rode in the car where the robberies occurred.

In addition to these consistent, patterned actions defendant, according to Hawkins' testimony, asked Polk "what else you got?" after Carlos had demanded his money. Hawkins also testified that defendant was the one who brought the fourth victim out of the

bus station. Polk testified that Lewis approached him in the bus station and offered him a ride.

Our standard of review of a motion to dismiss for insufficient evidence is whether the evidence is such that a reasonable mind might accept it as adequate to support the conviction. *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980). In this case, we hold that it is. Taking all these incidents together, we conclude the evidence is sufficient to permit a reasonable inference that defendant intended to assist in the commission of the robbery of Polk and communicated this intent to the others involved. The bus station robberies were clearly part of a common plan in which defendant was an active participant.

### III.

[2] Defendant requested the trial court to instruct the jury that his mere presence at the scene of the Polk robbery would not be sufficient to render him guilty of this armed robbery. The trial court declined to so instruct the jury. The Court of Appeals reversed defendant's conviction on this basis, stating that the failure to give the requested instruction left the jury "without judicial guidance as to how to weigh and evaluate the presence of the defendant at the scene of the crime charged." 63 N.C. App. at 175, 304 S.E. 2d at 250. We disagree with this conclusion.

The Court of Appeals correctly noted that the mere presence of defendant at the scene of the crime, standing alone, is not a sufficient basis upon which to find him guilty.

> To render one who does not *actually participate* in the commission of the crime guilty of the offense committed, there must be some evidence to show that he, by word or deed, gave active encouragement to the perpetrator of the crime or by his conduct made it known to such perpetrator that he was standing by to render assistance when and if it should become necessary.

*State v. Ham*, 238 N.C. 94, 97, 76 S.E. 2d 346, 348 (1953) (emphasis added). A review of all the evidence demonstrates that defendant actually participated in the commission of the armed robbery of Polk. It shows that defendant not only accompanied the other men into the bus station, whether or not he actually spoke to

Polk, and returned with them and Polk to the car, but he also asked Polk if he had anything else once Polk had given Carlos his wallet. Further, at the time of the Polk robbery all the evidence shows defendant had willingly accompanied these men on an earlier trip to the Jacksonville bus station in which another Marine, like Polk, was offered a ride to the military base, robbed at knifepoint during the trip, and put out of Hawkins' car after the robbery. In addition, defendant had earlier accompanied Carlos and Hawkins during the robbery of still another Marine in an open field near Jacksonville. Finally defendant accompanied Lewis, Carlos and Hawkins after the Polk incident in a robbery attempt of a fourth Marine using the same *modus operandi* as was used on Polk and in which defendant himself actually brought the Marine back to the car.

This evidence will permit no reasonable conclusion other than that defendant actively participated in the Polk robbery and "by his conduct made it known to [Carlos] that he was standing by to render assistance when and if it should become necessary." *Id.* No evidence adduced at trial will reasonably support an inference that defendant was merely present during and not an active participant in the robbery of Polk. Therefore defendant was not entitled to a "mere presence" instruction. *See generally State v. Davis*, 291 N.C. 1, 229 S.E. 2d 285 (1976); *State v. Bock*, 288 N.C. 145, 217 S.E. 2d 513 (1975).

The decision whether to believe the witness Hawkins was a matter solely and properly left to the jury. It is the jury's duty and prerogative to assess the credibility of a given witness. In this case, the jury apparently chose to believe Hawkins when he testified that defendant was the person in the back seat who asked Polk "what else you got?" and that defendant went in the bus station the final time and returned with another potential victim. Based upon this belief, the jury convicted defendant while acquitting Lewis.

We conclude that the trial court did not err in declining to give defendant's requested instruction on mere presence. Finding no error in defendant's trial, we reverse the decision of the North Carolina Court of Appeals and remand this case for reinstatement of the conviction and judgment against defendant.

Reversed and remanded.