STATE OF NORTH CAROLINA v. ODELL HOCKETT, JR.

No. 8312SC703

(Filed 3 July 1984)

**1. Robbery § 4.5— armed robbery—aiding and abetting—sufficiency of evidence**
　　Evidence was sufficient to be submitted to the jury in a prosecution for armed robbery where it tended to show that defendant was present when a companion requested another person to take them to get some money and drugs and that he directed the driver of the getaway car to park facing out toward the street; defendant waited in the car while two of his companions went into a convenience store; defendant knew that a robbery was being contemplated and was taking place while he waited in the getaway car; and defendant accepted his share of the robbery proceeds without protest.

**2. Robbery § 5.6— aiding and abetting—instructions proper**
　　There was no merit to defendant's contention in an armed robbery case that the trial court's instructions on aiding and abetting were incomplete because the trial judge failed to include a requested portion of the N.C. Pattern Jury Instruction on "mere presence," since the instructions given fully expressed the recognized legal principle that presence alone is not sufficient to support a conviction for aiding and abetting, but presence, actual or constructive, coupled with some act in furtherance of the crime, as in this case, may constitute aiding and abetting.

APPEAL by defendant from *Farmer, Judge.* Judgment entered 1 February 1983 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 February 1984.

Defendant was tried for armed robbery. The jury returned a verdict of guilty as charged. From a conviction and sentence of fourteen years imprisonment, defendant appeals.

*Attorney General Rufus L. Edmisten, by Associate Attorney General Thomas J. Ziko, for the State.*

*Office of the Public Defender, by Assistant Public Defender John G. Britt, Jr., for defendant appellant.*

JOHNSON, Judge.

On 20 May 1982, three men, James Lorenzo Smith, David Wright, a/k/a Ace, and Odell Hockett, Jr., the defendant, asked Alexander Artis to take them to get some money and drugs. Artis, pursuant to Ace's instruction, drove the three men to the apartment complex located behind the Kwik Mart, a convenience store.

When they arrived at the apartment complex, defendant directed Artis to park the car so that the front faced the street. After Artis parked the car Smith, Ace, and defendant got out of the car and walked around to the back. Once they were behind the car, Ace handed Smith a gun and said to him, "[y]ou take this gun and you better go in the store and get the money." Following this exchange, defendant returned to the car and got in with Artis. Smith and Ace went up the stairway which led to the apartments. While Ace waited outside the Kwik Mart, Smith went inside and robbed the cashier of $27.00. Thereafter, Smith and Ace returned to the car, where Smith handed the gun back to Ace. Artis drove the three men to a house where they divided the proceeds of the robbery.

At the close of the State's evidence, defendant's motion to dismiss was denied. Defendant offered no evidence.

[1] In his first assignment of error, defendant contends that the trial court erred in denying his motion to dismiss the charge on the ground of insufficiency of evidence. He argues that presence at the scene of the crime, without more, is not sufficient to withstand a motion for nonsuit.

On a motion to dismiss, the question presented is whether there is substantial evidence of each essential element of the of-

fense charged, or lesser offense included, and of defendant being the perpetrator of the offense. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982); *State v. Roseman*, 279 N.C. 573, 580, 184 S.E. 2d 289, 294 (1974). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980). The evidence is to be considered in the light most favorable to the State and the State is entitled to every reasonable intendment and every inference therefrom. *State v. Earnhardt, supra; State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975).

In order to sustain the defendant's conviction, the State was required to present evidence which proved each of the essential elements of the offense with which he was charged. These are: (1) that defendant was actually or constructively present during the crime; (2) that defendant intended to aid the perpetrators in the commission of the offense should his assistance be necessary; and (3) that such intent was communicated to the actual perpetrator. *State v. Sanders*, 288 N.C. 285, 290-291, 218 S.E. 2d 352, 357 (1975); *State v. Pryor*, 59 N.C. App. 1, 5-6, 295 S.E. 2d 610, 614 (1982); *State v. Edwards*, 49 N.C. App. 547, 560, 272 S.E. 2d 384, 393 (1980). Defendant first contends that there was no evidence that he was present with the intent to aid the perpetrator. He argues that he did not by word or conduct encourage the perpetrator in the commission of the crime, nor did he communicate to the perpetrator that he would lend assistance should it become necessary.

It is well recognized that intent to aid and the communication of intent to aid need not be shown by express words of the defendant, but may be inferred from his actions and relations to the actual perpetrators. *State v. Sanders, supra* at 291, 218 S.E. 2d at 357; *State v. Pryor, supra* at 6, 295 S.E. 2d at 614. The evidence shows that defendant was present when Ace requested Artis to take them to get some money and drugs and that he directed Artis to park the car facing out toward the street. Defendant waited in the car, while Ace accompanied Smith to Kwik Mart. After the robbery, defendant accepted his share of the proceeds without protest.

Based on these facts, the jury could infer that defendant, by waiting with Artis, who was not a party to the robbery, placed

himself in a position to aid in the commission of the crime if it became necessary. Indeed, by remaining with Artis, defendant did in fact aid in the successful commission of the crime since he insured that Artis would provide the actual perpetrator with a means to leave the scene once the robbery was committed.

Defendant also argues that the evidence does not establish that he knew the robbery was contemplated. There is uncontroverted evidence in the record, which need not be restated here, that defendant knew that the robbery was contemplated. There is also ample evidence in the record that defendant knew the robbery was taking place while he waited in the getaway car.

The evidence adduced at trial and the inferences drawable therefrom clearly establish that the defendant was so situated as to be able to aid Smith and Ace if necessary, and this intent to aid was communicated to Smith, the perpetrator. Accordingly, we hold that this assignment of error is without merit.

[2] In his final assignment of error defendant contends that the court erred in failing to give the requested portions of the North Carolina Pattern Jury Instruction. He argues that the court's instructions on aiding and abetting were incomplete because the trial judge failed to include the following instruction on "mere presence":

> However, a person is not guilty of a crime merely because he is present at the scene, even though he might (sic) silently approve of the crime or secretly intend to assist in its commission. To be guilty he must aid or actively encourage the person committing the crime, or in some way communicate to this person his intention to assist in its commission.

The defense's theory in this case was that although the defendant was constructively present at the scene of the crime, he did not know a robbery was contemplated, nor did he in any way encourage or assist the perpetrator in the commission of the crime.

It is well settled that mere presence by the defendant at the scene of the crime is not sufficient in and of itself to establish guilt as aider and abettor. *State v. Aycoth*, 272 N.C. 48, 157 S.E. 2d 655 (1967). However, a person may be guilty as an aider and abettor if that person,

accompanies the actual perpetrator to the vicinity of the offense and, with the knowledge of the actual perpetrator, remains in that vicinity for the purpose of aiding and abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if needed, or to provide a means by which the actual perpetrator may get away from the scene upon the completion of the offense.

*State v. Price*, 280 N.C. 154, 158, 184 S.E. 2d 866, 869 (1971); *State v. Pryor, supra* at 7, 295 S.E. 2d at 615.

In determining whether the trial court erred in failing to give the requested instructions, we must consider the instructions given in their entirety. *State v. Wright*, 302 N.C. 122, 273 S.E. 2d 699 (1981). Here, the trial court's instructions insofar as applicable are as follows:

Now, a person may be guilty of robbery with a firearm although he personally does not do any of the acts necessary to constitute that crime. A person who aids and abets another to commit robbery with a firearm is guilty of that crime. You must clearly understand that if he does aid and abet, he is guilty of robbery with a firearm just as if he had personally done all the acts necessary to constitute that crime.

Now, I charge that for you to find the Defendant guilty of robbery with a firearm because of aiding and abetting, the State must prove beyond a reasonable doubt the following things: First, that a robbery with a firearm was committed by Lorenzo Smith. Now, to determine whether or not Lorenzo Smith committed robbery with a firearm, you must find beyond a reasonable doubt that Lorenzo Smith took property from the person of Karyl Zowe or in her presence, and further, that Lorenzo Smith carried away that property, and that Karyl Zowe did not voluntarily consent to the taking and carrying away of that property, and further, that at the time of the taking, Lorenzo Smith intended to deprive Karyl Zowe of its use permanently, and further, that Lorenzo Smith knew he was not entitled to take the property, and further, that Lorenzo Smith had a firearm in his possession at the time he obtained the property, and further, that Lorenzo

Smith obtained the property by endangering or threatening the life of Karyl Zowe with a firearm.

And the second thing the State must prove to you beyond a reasonable doubt is that Defendant, Odell Hockett Jr., knowingly advised or instigated or encouraged or aided Lorenzo Smith to commit that crime. So I charge that if you find from the evidence beyond a reasonable doubt that on or about May 20, 1982, Lorenzo Smith committed robbery with a firearm and that the Defendant aided or encouraged or advised or instigated and that in so doing, the Defendant knowingly did those things, that he knowingly advised, instigated, encouraged or aided Lorenzo Smith to commit the crime of robbery with a firearm, it would be your duty to return a verdict of guilty in this case, guilty of robbery with a firearm. However, if you do not so find or if you have a reasonable doubt as to one or more of those things, it would be your duty to return a verdict of not guilty in this case.

Taken as a whole, these instructions fully express the recognized legal principle that presence alone is not sufficient to support a conviction for aiding and abetting. However, presence, actual or constructive, coupled with some act in furtherance of the crime, as in this case, may constitute aiding and abetting. Since the State relied on the theory that defendant knowingly encouraged and assisted in the commission of the crime, the requested portions were correctly excluded. N.C.P.I. 202. 20A, n. 3. Although we disagree with the State's conclusion that the giving of the requested instructions would have been prejudicial to the defendant, we find that the instructions given were more than adequate.

No error.

Chief Judge VAUGHN and Judge WEBB concur.