STATE OF NORTH CAROLINA v. RANDY CAPPS

No. 8525SC238

(Filed 15 October 1985)

**Larceny § 7.5— insufficient evidence of guilt as aider and abettor**

The State presented insufficient evidence to support defendant's conviction of felonious larceny as an aider and abettor where it tended to show only that the perpetrator of the larceny was a passenger in a car driven by defendant, the perpetrator asked defendant to pull into a parking lot so he could get "his" clothes out of a car, the perpetrator returned in 10 to 15 minutes with clothes and a briefcase, and the perpetrator later told defendant to pull in and "see what we've got," but there was no evidence that defendant intended to aid the perpetrator or communicated such intent to the perpetrator.

APPEAL by defendant from *Lupton, Judge.* Judgment entered 12 July 1984 in Superior Court, BURKE County. Heard in the Court of Appeals 27 September 1985.

*Attorney General Lacy H. Thornburg by Associate Attorney T. Byron Smith for the State.*

*Appellate Defender Adam Stein by First Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

COZORT, Judge.

Defendant was convicted of felonious larceny and sentenced to a prison term of seven (7) years. He appeals his conviction alleging that the trial court should have granted his motion to dismiss the charges against him because the State's evidence was insufficient to prove he aided and abetted the perpetrator in the

commission of the felonious larceny. We find the trial court erred in denying defendant's motion to dismiss.

The issue before us in this case is whether the State presented sufficient evidence for a rational trier of fact to find that the defendant aided and abetted the perpetrator in the commission of the felonious larceny.

The State's evidence, based mainly on the testimony of Debbie Hubbard, tended to show the following:

On the evening of 5 March 1984, the defendant, his girl friend, Debbie Hubbard, and Sammy Miller were traveling in a borrowed car, a green 1974 Oldsmobile, in Morganton, North Carolina. The defendant drove; his girl friend sat beside him, and Sammy Miller sat in the passenger seat. The three were riding to the store when Sammy Miller told the defendant to pull into the parking lot of Mr. T's, a nightclub in Morganton. The defendant parked the car beside the building. Sammy Miller stated that he wanted to get his clothes out of a car. Miller then reached into the back seat and got a lug wrench from the floor of the car. Miller crouched down, went around the car and toward the side of the building. Hubbard testified that she could not see Miller at this time and heard nothing after he left. There is no evidence that defendant saw Miller with the lug wrench.

Miller returned in 10 to 15 minutes with clothes and a briefcase. The three left Mr. T's and Hubbard testified that Miller said, "Let's pull in here and see what we've got." Defendant pulled into a McDonald's parking lot. Defendant got out of the car and used the men's room. There was no evidence that the defendant handled the briefcase, the clothes, or the contents of the briefcase. Only Miller handled these items.

Shortly thereafter, the three were stopped by Officer Richard Epley of the Morganton Police Department. The officer noticed a briefcase under Miller's feet and clothes in the back seat. After examining the briefcase, the officer recognized it as being similar to a briefcase which was reported stolen from a vehicle at Mr. T's. The officer requested the defendant to follow him to Mr. T's which the defendant did. Defendant was then placed under arrest.

Defendant was indicted for felonious breaking or entering a motor vehicle and felonious larceny. The State proceeded on the theory that the defendant aided and abetted the perpetrator, Miller, in the commission of the breaking or entering and the felonious larceny and could therefore be convicted of both charges. The jury acquitted the defendant of breaking or entering a motor vehicle and convicted him of felonious larceny. Defendant's first assignment of error is that the trial court erred by denying his motion to dismiss the charge of felonious larceny because the evidence was insufficient to prove that the defendant intended to aid the perpetrator, Miller, in the larceny or that the defendant communicated his intent to aid the perpetrator.

Upon a motion to dismiss in a criminal action, "all of the evidence favorable to the State, whether competent or incompetent, must be considered, such evidence must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom." *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E. 2d 822, 826 (1977); *see also State v. Dover*, 308 N.C. 372, 302 S.E. 2d 232 (1983). The State must present substantial evidence of each of the essential elements of the crime of aiding and abetting. *State v. Johnson*, 310 N.C. 574, 577, 313 S.E. 2d 560, 563 (1984). The essential elements of aiding and abetting are as follows: (1) the defendant was present at the scene of the crime; (2) the defendant intended to aid the perpetrator in the crime; and (3) the defendant communicated his intent to aid to the perpetrator. *Id.* at 578, 313 S.E. 2d at 563; *State v. Pryor*, 59 N.C. App. 1, 5-6, 295 S.E. 2d 610, 614 (1982). Thus, the pivotal question for our determination is whether the evidence is sufficient for a rational trier of fact to find that the defendant was at the scene of the larceny; intended to aid the perpetrator, Miller, in the larceny; and communicated his intent to aid to the perpetrator, Miller. We hold that the evidence was insufficient.

While the State's evidence does indicate the defendant was present at the scene of the crime, the State has failed to present substantial evidence that the defendant intended to aid Miller or communicated such intent to Miller. A defendant's mere presence at the scene of the crime does not make him guilty of felonious larceny even if he sympathizes with the criminal act and does

nothing to prevent it. *State v. Aycoth*, 272 N.C. 48, 50-51, 157 S.E. 2d 655, 657 (1967). In this case, defendant's presence at the scene of the crime, without more, does not show intent to aid.

Intent to aid may be inferred from defendant's actions or from his relation to the perpetrator. *State v. Sanders*, 288 N.C. 285, 291, 218 S.E. 2d 352, 357 (1975), *cert. denied*, 423 U.S. 1091 (1976). In *State v. Hockett*, 69 N.C. App. 495, 317 S.E. 2d 416 (1984), this Court found that intent to aid could be inferred where the defendant knew of the contemplated robbery, participated in discussions about the robbery, directed the driver of the "get-away" car where and how to park, waited in the car for the robbery to be completed and accepted his share of the proceeds. The evidence in this case shows only that Miller told defendant he was going to get *his* clothes. There is no evidence that (1) defendant drove Miller to Mr. T's with the purpose of aiding and abetting him in the commission of the larceny; (2) defendant observed Miller commit the crime; (3) defendant handled the stolen items; or (4) defendant participated in any discussions about the crime. There is no evidence from which the jury could infer that the defendant gave active encouragement to Miller, or that he made it known to Miller that he was ready to render assistance, if necessary.

The State contends that intent should be inferred from Miller's statement telling defendant to pull in and see "what we've got." Under the facts of this case, we find this argument unpersuasive. Although there are circumstances which point suspicion toward defendant, insufficient evidence exists from which intent to aid can be inferred. The State's evidence fails to show that defendant intended to aid Miller in the crime or that defendant communicated intent to aid to Miller.

The trial court should have granted defendant's motion to dismiss. We find it unnecessary to address defendant's remaining assignment of error.

Reversed.

Judges WHICHARD and EAGLES concur.