STATE OF NORTH CAROLINA
v.
DARREN DEANTHONY MARLOW
No. COA08-1258.
Court of Appeals of North Carolina.
Filed: August 4, 2009.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General LeAnn Martin, for the State.
Sue Genrich Berry, for defendant-appellant.
CALABRIA, Judge.
Darren Deanthony Marlow ("defendant") appeals a judgment entered upon jury verdicts finding him guilty of first-degree burglary, conspiracy to commit first-degree burglary, and felony larceny. We find no error.

I. Background
The evidence in this case is undisputed. On 17 December 2006, defendant met four men, André Hill ("André"), Chasen Duke ("Chasen"), Eric Gore ("Eric"), and Charles Hill ("Charles") (collectively "the group") at a restaurant, where the group planned a home invasion. The group traveled together in a car to the home of eighty-one-year-old Lillian Hickman ("the victim"). While defendant remained in the car, the four other men kicked in the victim's door, locked the victim in a bathroom, and stole approximately $10,000 in cash, the victim's phone, and her pocketbook. Upon leaving the victim's home, the group traveled to a park, where they divided the stolen goods. Defendant received $1,600. Chasen and André gave their share of the stolen money to defendant to keep secure. On the following day, defendant gave this money to Eric.
The victim recognized one of the men who attacked her. The next day, 18 December 2006, the Brunswick County Sheriff's Department interviewed each of the men involved in the home invasion and recovered much of the personal property and money stolen from the victim. Defendant was interviewed by Detective Simpson of the Brunswick County Sheriff's Department ("the detective") in the presence of his father after both were advised of the defendant's Miranda rights. The interview was recorded and available in both an audio and a video format. A transcript of the interview was also prepared.
On 27 May 2008, defendant was tried for the offenses that occurred on 17 December 2008: first-degree burglary, conspiracy to commit first-degree burglary, felony larceny, and second-degree kidnapping. During trial, the State introduced, through the video recording and the transcript, portions of defendant's interview with the detective. Defendant objected to the admission of several portions of this interview. These objections were overruled, but at the defendant's request, the trial court gave the jury a limiting instruction. Defendant also moved to dismiss the charges at the conclusion of the evidence presented by the State and again at the conclusion of all of the evidence. The trial court denied these motions. On 30 May 2008, the jury returned verdicts of guilty to first-degree burglary, conspiracy to commit first-degree burglary, and felony larceny. Defendant was found not guilty of second degree kidnapping. Defendant was sentenced to a minimum of forty-two months and a maximum of sixty months in the custody of the North Carolina Department of Correction. Defendant appeals.
On appeal, defendant argues the trial court erred in (I) permitting the introduction of an interview between law enforcement and defendant and (II) denying the defendant's motion to dismiss because the evidence was insufficient to support the convictions of first degree burglary and felony larceny based upon an acting in concert theory.

II. Introduction of Interview
We first address defendant's contention that the interview of defendant by law enforcement officers was inadmissible under the North Carolina Rules of Evidence, and that the admission of the interview violated the United States and North Carolina Constitutions.
The standard of review on admissibility of evidence is abuse of discretion. State v. Wood, 185 N.C. App. 227, 231, 647 S.E.2d 679, 684, rev. denied by, 361 N.C. 703, 655 S.E.2d 402 (2007). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." State v. Riddick, 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986) (citation omitted).
Over defendant's objection, the trial court allowed into evidence all but a few lines of the transcript of the detective's interview of the defendant, as well as the video recording of the interview. The defendant specifically objected to three portions of the transcript. Prior to allowing the jury to see the video or read the transcript of any portion of the interview, the trial court gave the following limiting instruction:
You are about to hear a statement of the defendant. This statement is allowed under the Rules of Evidence. You may consider this statement as substantive evidence of any fact at issue in this case. The questions asked or the statements made by the questioner  that is, the detective  however, may not be considered by you substantive [sic] evidence of the matters asserted in the questions or the statements. That is, these questions or statements of the detective may not be considered as proof of any fact at issue in this case or whether the defendant is guilty of any crime. One type of question or statement you will hear, is that other persons have made certain statements concerning this defendant's involvement in the crimes alleged. These statements as made, may not be considered by you as proof of any fact at issue in this case; but may be considered only in the context of the interview and the defendant's response, if any. You may not consider these questions or statements by the interviewer, as to whether any fact at issue has, in this case, been proven. Other types of questions or statements by the questioner you will hear, assert that the defendant is guilty of some crime or that a certain legal standard has been met as to the defendant's criminal responsibility. You may consider these questions or statements by the detective, in the context they are made as part of the interview of the defendant. You are not to consider them as proof that any legal standard has been met or that the defendant is guilty of any crime.

A. Hearsay
Defendant first objected to the admission of the following portion of the interview transcript, which is a statement made by the detective to the defendant, on hearsay grounds. The objection was overruled.
Sorry about that, um, we're up here talking with um Eric and um Chasen, D, and all of them and I don't know if you were at school when we took them into custody. Um and uh honestly I'll be truthful with ya, your name came out in the very beginning, but the more we talked with the boys, the more you were implemented in being part of this um home invasion robbery. Um I just want to hear from you what your part of it was and not go on just what they were saying because I don't want them pointing fingers and saying you did certain things that you didn't ok? So that's basically, I just want you to tell me the truth.
Hearsay evidence is not admissible except as provided for by statute or by the North Carolina Rules of Evidence. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial . . . offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2007). However, "whenever an extrajudicial statement is offered for a purpose other than proving the truth of the matter asserted, it is not hearsay." State v. Maynard, 311 N.C. 1, 15-16, 316 S.E.2d 197, 205, cert. denied, 469 U.S. 963, 83 L. Ed. 2d 299 (1984).
This statement of the detective was not offered into evidence to prove that the defendant was "a part of" the crime, but to establish the circumstances in which the defendant admitted his involvement in the crimes. The trial court, after reviewing the transcript, gave a thorough limiting instruction to the jury to ensure they did not consider the statements of the detective for the truth of what was asserted in her statements. In this context, the statements of the detective cannot be considered hearsay and the trial court properly allowed them into evidence.

B. Admission of Legal Standards
The defendant objected to the following portions of the transcript as being irrelevant, non-probative, incompetent, and confusing to the jury. The objections were overruled. Defendant argues that the transcript allows the officer to provide legal conclusions and opinions in violation of N.C. Gen. Stat. § 8C-1, Rule 701, which limits opinion or inference testimony by lay witnesses and that the statements made by the detective were irrelevant in violation of N.C. Gen. Stat. § 8C-1, Rule 402 (2007).
Whether you went in or not, you're just as much involved and if she would have had a heart attack, I mean she did get assaulted while she was in there, if she'd had a heart attack and died, you would have been just as much involved with it. You'd be sitting here under a murder charge. Why do you think that these boys did this?
. . .
It don't matter if you got out the car. You knew what was going to take place, you were part of it, you knew what happened after the fact. So you're just as much involved with it. . . . Mean they could have went in there and raped her and you would have been charged with rape. You're just as much a part of it. I mean I appreciate you being truthful and coming up here you know and telling me. And I mean you didn't have to cause there's enough evidence showing you were part of it. . . .

1. Relevance
Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401. "All relevant evidence is admissible." N.C. Gen. Stat. § 8C-1, Rule 402 (2007). In a criminal trial, "every circumstance calculated to throw any light upon the supposed crime is admissible and permissible." State v. Collins, 335 N.C. 729, 735, 440 S.E.2d 559, 562 (1994). The detective's statements, when considered as a part of the defendant's entire interview, were clearly relevant in establishing the circumstances of defendant's confession.

2. Lay Opinion
"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." N.C. Gen. Stat. § 8C-1, Rule 701 (2007). Most troublesome in the above transcript are the statements "[w]hether you went in or not, you're just as much involved," and "[i]t don't matter if you got out the car. You knew what was going to take place, you were part of it, you knew what happened after the fact. So you're just as much involved with it." These statements, made by a lay witness, touch on some of the elements of the acting in concert theory under which the defendant was convicted. Because the lay witness was also a law enforcement officer, there is a danger that her opinions about the law would be given more significance than permissible by the jury.
The context of these statements is important in analyzing their probable effect on the jury. These statements were presented to the jury as part of an interview between the defendant and the detective during which the defendant admitted his involvement in the offenses. The record reveals that the judge was concerned that additional weight would be given to these statements, because they were made by a law enforcement officer. As a result, the jury was given a thorough limiting instruction, in which they were told specifically not to consider any statements by the detective "as proof that any legal standard has been met or that the defendant [was] guilty of any crime" (emphasis added). This instruction was sufficient to ensure that the jury would only make permissible inferences from the transcript. The evidence indicates that the trial judge carefully weighed the concerns of the defendant and we find no abuse of discretion in his decision to allow the above statements, subject to his limiting instruction.
Even assuming, arguendo, that it was error to allow this portion of the transcript into evidence, the admission does not mandate a new trial unless the defendant establishes there is a reasonable probability that a different result would have been reached by the jury. State v. Smith, 351 N.C. 251, 264, 524 S.E.2d 28, 38 (2000). Considering the context of the statements' admission, the thorough limiting instruction given for their use, and the substantial additional evidence against the defendant, discussed below, the defendant cannot establish that the jury would have reached a different result absent the inclusion of these statements.

III. Motion to Dismiss
We next address defendant's contention that the trial court erred in denying his motion to dismiss the charges of first-degree burglary and felony larceny because the evidence was insufficient to support a theory of acting in concert. Our standard of review on a motion to dismiss for insufficiency of the evidence is "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Scott, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (internal citations omitted). All evidence must "be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal[.]" State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980). If the evidence "is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed." State v. Malloy, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983).
The doctrine of acting in concert provides that where
two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose . . . or as a natural or probable consequence thereof.
State v. Westbrook, 279 N.C. 18, 41-42, 181 S.E.2d 572, 586 (1971). "A person is constructively present during the commission of a crime if he is close enough to provide assistance if needed and to encourage the actual execution of the crime." State v. Gaines, 345 N.C. 647, 675-76, 483 S.E.2d 396, 413 (1997) (citation omitted). "To render one who does not actually participate in the commission of the crime guilty of the offense committed there must be some evidence tending to show that he, by word or deed, gave active encouragement to the perpetrators of the crime, or by his conduct made it known to such perpetrators that he was standing by to lend assistance when and if it should become necessary." State v. Ham, 238 N.C. 94, 97, 76 S.E.2d 346, 348 (1953).
In ruling on a motion to dismiss on the sufficiency of the acting in concert evidence, the issue before the court is whether substantial evidence has been presented tending to show that the defendant joined with another in common purpose to commit a crime, and that a crime did in fact take place, while the defendant was actually or constructively present. In the present case there is no dispute that a crime took place. It is also undisputed that during the commission of the crime the defendant sat in the vehicle that was both used to drive to the victim's residence and to flee the scene after the commission of the crime. The only issue before this Court is whether sufficient evidence was presented tending to show the defendant joined with the others in a common purpose to commit a crime.
The intent to aid may be inferred from defendant's actions or from his relationship to the perpetrator. State v. Sanders, 288 N.C. 285, 291, 218 S.E.2d 352, 357 (1975) (citations omitted). This Court, in State v. Hockett, 69 N.C. App. 495, 317 S.E.2d 416 (1984), found an intent to aid, sufficient to support a finding of acting in concert, where the defendant knew of the contemplated robbery, participated in discussions about the robbery, directed the driver of the getaway car, and accepted his share of the proceeds.
Defendant asserts that "[a] defendant's mere presence at the scene of the crime does not make him guilty . . . even if he sympathizes with the criminal act and does nothing to prevent it." State v. Capps, 77 N.C. App. 400, 402, 335 S.E.2d 189, 190 (1985) (internal citation omitted). However, defendant was not merely at the scene of the crime. After discussing the plan to commit the crime at a restaurant, defendant joined the other men in the car that transported them to the victim's home. Defendant admits that he was aware of the plans to commit the offenses. Defendant sat in the vehicle outside the victim's residence while the home invasion was being committed. Once the offenses were completed, defendant received a share of the money stolen from the victim and assisted others in hiding additional money.
Based on these facts, the State presented sufficient evidence for the jury to reach the conclusion that the defendant acted in concert with the other men who entered the victim's residence and committed burglary and larceny.
Defendant's remaining assignment of error was not argued and is deemed abandoned pursuant to N.C.R. App. P. 28(b)(6) (2007).
No error.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).