IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-1059

 Filed: 1 August 2017

Lincoln County, Nos. 15 CRS 51923, 1256

STATE OF NORTH CAROLINA

 v.

GARY WILLIAM CANNON, Defendant.

 Appeal by defendant from judgment entered 13 May 2016 by Judge Daniel A.

Kuehnert in Lincoln County Superior Court. Heard in the Court of Appeals 5 April

2017.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Thomas
 J. Campbell, for the State.

 William D. Spence for defendant-appellant.

 MURPHY, Judge.

 Gary William Cannon (“Defendant”) appeals from his judgment for aiding and

abetting larceny and attaining habitual felon status. On appeal, he contends: (1) that

the trial court erred in denying his motion to dismiss the charge of aiding and abetting

larceny; and (2) that the trial court erred in sentencing Defendant as a habitual felon

when the issue was not submitted to the jury as required by N.C.G.S. § 14-7.5 (2015).

After careful review, we hold that the trial court did not err in denying Defendant’s

motion to dismiss. However, we agree with Defendant that the trial court erred in

sentencing Defendant as a habitual felon when the issue was not submitted to the
jury. We affirm Defendant’s conviction for aiding and abetting larceny, vacate the

habitual felon enhancement, and remand for a new sentencing hearing.

 I. Background

 On 14 May 2015, Shawn Sanbower (“Sanbower”), a loss prevention officer at a

Wal-Mart store in Denver, North Carolina, observed Amanda Eversole (“Eversole”)

remove several items of clothing from store shelves and attempt to leave the store

without paying. Sanbower apprehended Eversole, and then reviewed surveillance

tapes. He discovered that Eversole had been in the store with William Black

(“Black”), who had taken a number of items from store shelves without paying. Law

enforcement was contacted. Sanbower went out to the store parking lot and saw

Black, along with several law enforcement officers. Black was in the rear passenger

seat of a green SUV, which was filled with goods from the Wal-Mart with a total value

of $1,177.49. At the vehicle, Sanbower also observed Defendant speaking with the

officers.

 Deputy Ken Davis (“Deputy Davis”), from the Lincoln County Sheriff’s Office,

was one of the officers present, having arrived in response to the store’s call. Deputy

Davis testified that he had approached Black’s vehicle and found it was full of stolen

goods. Defendant then approached the vehicle and asked Davis and other officers

what they were doing. Deputy Davis asked Defendant how he knew Black, and

Defendant replied that he had only just met “them,” and that he was paid $50.00 to

drive “him” to this Wal-Mart in Denver from Gastonia. Defendant further confirmed

that he owned the vehicle.

 2
 On 9 November 2015, the Lincoln County Grand Jury indicted Defendant on

the charges of felony larceny, conspiracy to commit felony larceny, and aiding and

abetting larceny. Defendant was also indicted for attaining habitual felon status.

This matter went to trial on 12 May 2016. At the close of the State’s evidence,

Defendant moved to dismiss all of the charges. This motion was denied. Defendant

declined to put on evidence. During the jury charge conference, the trial court

dismissed the felony larceny charge on its own motion.

 The jury found Defendant not guilty of conspiracy to commit larceny, but guilty

of aiding and abetting larceny. The State then amended the habitual felon indictment

without objection, and submitted sentencing worksheets by stipulation. Defendant

“stipulated” to habitual felon status. The trial court sentenced Defendant to an active

minimum sentence of 80 months to a maximum of 108 months imprisonment. The

trial court waived court costs, and awarded attorney’s fees as a civil judgment.

 Defendant appeals.

 II. Motion to Dismiss

 Defendant contends that the trial court erred in denying his motion to dismiss

the charge of aiding and abetting larceny. We disagree.

 A. Standard of Review

 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (emphasis omitted).

“Upon defendant’s motion for dismissal, the question for the Court is whether there

is substantial evidence (1) of each essential element of the offense charged, or of a

 3
lesser offense included therein, and (2) of defendant’s being the perpetrator of such

offense. If so, the motion is properly denied.” State v. Fritsch, 351 N.C. 373, 378, 526

S.E.2d 451, 455 (2000) (quotation omitted).

 The State is entitled to every reasonable inference that may be made from the

evidence presented at trial. State v. Bullard, 312 N.C. 129, 160, 322 S.E.2d 370, 387-

88 (1984). “The trial court does not weigh the evidence, consider evidence unfavorable

to the State, or determine any witnesses’ credibility . . . . Ultimately, the court must

decide whether a reasonable inference of defendant’s guilt may be drawn from the

circumstances.” State v. Blizzard, 169 N.C. App. 285, 289-90, 610 S.E.2d 245, 249

(2005).

 B. Analysis

 Defendant contends that the trial court erred in denying his motion to dismiss

the charge of aiding and abetting larceny, on the grounds that the State failed to

present sufficient evidence of all of the essential elements of the charge. We disagree.

 “The essential elements of aiding and abetting are as follows: (1) the defendant

was present at the scene of the crime; (2) the defendant intended to aid the

perpetrator in the crime; and (3) the defendant communicated his intent to aid to the

perpetrator.” State v. Capps, 77 N.C. App. 400, 402, 335 S.E.2d 189, 190 (1985)

(citation omitted).

 Defendant’s vehicle was parked on the far side of the parking lot, far from the

store or any other cars, which would make an escape easy. Further, in addition to

the goods stolen from the Wal-Mart, officers found a large quantity of Atkins drinks

 4
and cosmetics in Defendant’s vehicle, which Sanbower contended were a greater

quantity than one person would use. As the Dissent notes, this evidence standing

alone would not withstand a motion to dismiss. However, we consider this evidence

in light of Defendant’s statements to law enforcement.

 The State is entitled to every reasonable inference that may be made from the

evidence presented at trial, Bullard, 312 N.C. at 160, 322 S.E.2d at 387-88, and we

consider the reasonable inferences that may be drawn from Defendant’s statement

that he had just met the principals and the absurdity that a person would travel from

Gastonia to Denver solely to shop at Wal-Mart for an otherwise valid purpose.

 The evidence shows that Defendant claims to have been paid $50.00 to travel

from Gastonia to the Wal-Mart in Denver. There is nothing in the record that

suggests a need for the principals to travel to this specific Wal-Mart over any of the

other Wal-Marts in Gastonia or along the myriad of routes from Gastonia to Denver.

While not explicitly requested to do so by the State, we take judicial notice of the

geographic distance and commercial nature of the routes between Gastonia and

Denver in considering the circumstances present in this case. “Judicial notice may

be taken at any stage of the proceeding.” N.C.G.S. § 8C-1, Rule 201(f) (2015). Our

Supreme Court has held it is appropriate to take judicial notice of the placing of

towns. State v. Saunders, 245 N.C. 338, 342-43, 95 S.E.2d 876, 879 (1957); see State

v. Brown, 221 N.C. App. 383, 387, 732 S.E.2d 584, 587-88 (2012) (taking judicial

notice of the driving distance between Mebane and Durham in reviewing the

sufficiency of evidence on appeal).

 5
 There is a strong case for taking such judicial notice “when almost every town

in the country is connected by a ribbon of concrete or asphalt over which a constant

stream of traffic flows.” Saunders, 245 N.C. at 343, 95 S.E.2d at 879. “[S]o complete

and so general is the common knowledge of places and distances that the court may

be presumed to know the distances between important cities and towns in this

State[.]” Id. at 343, 95 S.E.2d at 879.

 We take judicial notice of the distance from Gastonia to Denver because the

impracticality of traveling this distance and through areas with other Wal-Mart

stores creates a reasonable inference of an improper purpose that, along with other

incriminating aspects of the evidence, demonstrates the intent of Defendant to aid

and abet larceny. Such considerations that are not pronounced in the record are

exactly why we give great deference to trial judges and local juries in making ultimate

findings of fact, and they are proper for us to consider by judicial notice in a de novo

review of the cold record.

 Trial courts and jurors are free to consider the geographic distance between

cities, the modes of travel between cities, the commercial aspects of their local area,

and the ubiquitous nature of Wal-Mart stores. See Saunders, 245 N.C. at 342, 95

S.E.2d at 879; State v. S. Ry. Co., 141 N.C. 846, 851, 54 S.E. 294, 296 (1906); Brown,

221 N.C. App. at 387, 732 S.E.2d at 587-88; Hinkle v. Hartsell, 131 N.C. App. 833,

836, 509 S.E.2d 455, 457-58 (1998) (providing a laundry list of situations where

judicial notice is appropriate). The trial court here likely did consider these things

due to the obvious and reasonable inference of guilt that the trial court was free to

 6
draw. Given the location of the vehicle in the parking lot, the items found in the

vehicle, and the reasonable inference that can be made based on the geographic

distance and commercial nature of the routes between Gastonia and Denver, the

State met its low burden at the motion to dismiss stage.

 We hold that the State presented evidence of every element of the offense of

aiding and abetting larceny, and that the trial court therefore did not err in denying

Defendant’s motion to dismiss.

 III. Habitual Felon

 Defendant argues, and the State concedes, that the trial court should not have

sentenced Defendant as a habitual felon when the issue was not submitted to the jury

and the trial court did not accept a formal plea from Defendant.

 Under Section 14-7.5 of the North Carolina General Statutes, whether a

defendant is a habitual felon is submitted to the jury, or, in the alternative, the

defendant may enter a guilty plea to the charge of being a habitual felon. State v.

Gilmore, 142 N.C. App. 465, 471, 542 S.E.2d 694, 698-99 (2001). Therefore, since

Defendant only stipulated to habitual felon status, the conviction must be vacated

and remanded for resentencing.

 IV. Conclusion

 For the reasons stated above, we affirm Defendant’s conviction for aiding and

abetting larceny, and vacate the habitual felon enhancement and remand for a new

sentencing hearing.

 7
 AFFIRMED IN PART; VACATED IN PART; REMANDED FOR A NEW

SENTENCING HEARING.

 Judge DIETZ concurs by separate opinion.

 Judge CALABRIA dissents by separate opinion.

 8
 No. COA16-1059 – State v. Cannon

 DIETZ, Judge, concurring.

 I agree that the trial court properly denied Cannon’s motion to dismiss. In a

criminal case, the trial court must deny a motion to dismiss if the State has presented

substantial evidence that the defendant committed each element of the charged

offense. “Substantial evidence is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.” State v. Smith, 300 N.C. 71, 78–79, 265

S.E.2d 164, 169 (1980).

 Here, law enforcement found Cannon near his SUV in a Walmart parking lot.

Cannon’s SUV contained more than $1,000 worth of razors stolen from inside the

Walmart. The SUV also contained separate bags containing a large number of

unopened makeup packages and diet food packages. A Walmart employee testified

that the makeup and diet food packages were not purchased or stolen from that

Walmart.

 Law enforcement asked Cannon about the stolen razors and the other goods

found in his SUV. Cannon told law enforcement that he had no idea how the goods

got there and that he did not have anything to do with it. He explained that he had

just met Amanda Eversole and William Black when they offered to pay him $50 to

drive them from Gastonia to the Walmart in Denver.

 Something in this story was a lie. If Cannon had simply driven Black and

Eversole from Gastonia to the Walmart in Denver—at which point Black and
 STATE V. CANNON

 Dietz, J., concurring

Eversole stole the razors without Cannon’s knowledge—where did the other goods

come from?

 The jury, having heard Cannon’s statements to the police, reasonably could

have inferred that Cannon lied about taking Black and Eversole to other stores before

going to Walmart because he knew Black and Eversole had stolen the makeup and

diet food packages from those other stores, and Cannon did not want to implicate

himself (or Black and Eversole) in those crimes, or provide law enforcement with

information about where those crimes occurred.

 This, combined with the details discussed in the majority opinion, such as the

unusual distance traveled and the decision to park far away from the Walmart (and

thus far away from security cameras or potential witnesses) is sufficient for the jury

to infer that Cannon knew Eversole and Black intended to steal goods from the

Walmart and that he agreed to assist them by acting as their driver. Thus, the State

presented relevant evidence that a “reasonable mind might accept as adequate” to

support all the elements of aiding and abetting. Smith, 300 N.C. at 78–79, 265 S.E.2d

at 169. Accordingly, the trial court properly denied Cannon’s motion to dismiss.

 2
No. COA16-1059 – State v. Cannon

 CALABRIA, Judge, dissenting.

 For the following reasons, I respectfully dissent.

 Defendant was charged with aiding and abetting larceny, and moved to

dismiss the charge on the ground that the State had failed to present sufficient

evidence of each essential element of the charge. The majority opinion holds,

however, that Defendant’s statement to law enforcement, that Eversole and Black

paid him to transport them from Gastonia to Denver, was sufficient evidence of

Defendant’s guilt. Specifically, the majority observes that “the impracticality of

traveling this distance and through areas with other Wal-Mart stores creates a

reasonable inference of an improper purpose that, along with other incriminating

aspects of the evidence, demonstrates the intent of Defendant to aid and abet

larceny.”

 Distance traveled, alone, is insufficient evidence to support the guilt of a

defendant. The existence of taxis, and services such as Uber and Lyft, demonstrates

that there are people willing to pay others to drive them long distances, and others

who are willing to drive them distances for money. The majority’s opinion would

render such individuals guilty of aiding and abetting simply on the premise that it is

“impractical[]” to drive such a distance, and that accepting money to do so is somehow

evidence of an improper purpose.
 STATE V. CANNON

 CALABRIA, J., dissenting

 The State’s evidence established that Eversole and Black paid Defendant to

drive them from Gastonia to the Wal-Mart, entered the Wal-Mart, and stole

merchandise. The State had the burden of showing that Defendant was present at

the scene of the crime, that Defendant intended to aid Eversole and Black, and that

Defendant communicated his intent to do so. See State v. Capps, 77 N.C. App. 400,

402, 335 S.E.2d 189, 190 (1985).

 Even assuming arguendo that Defendant’s presence in the parking lot satisfied

the element of presence, the fact that Defendant was willing to accept money to

transport two individuals from Gastonia to Denver, a distance of roughly twenty-six

miles, for a purpose not explicitly criminal does not satisfy the remaining two

elements. It does not demonstrate that Defendant intended to aid Eversole and Black

in any criminal endeavor, nor that he expressed that intent at any time, nor should

it be construed to do so. I disagree with the majority that Defendant should have

realized that Eversole and Black had an improper purpose in paying him fifty dollars

to drive them to a Wal-Mart. Absent any evidence that Defendant was aware of their

criminal aims, the State’s case should not have gone to the jury.

 In Capps, the evidence showed that the defendant drove his girlfriend, Debbie

Hubbard, and friend, Sammy Miller, to a nightclub. Miller told the defendant that

he wanted to get his clothes out of a car, and once out of the defendant’s sight, Miller

broke into a vehicle. The defendant was subsequently indicted for aiding and

 2
 STATE V. CANNON

 CALABRIA, J., dissenting

abetting Miller in the offenses of felonious breaking or entering a motor vehicle and

felonious larceny, and the trial court denied the defendant’s motion to dismiss.

 On appeal, this Court first examined the impact of the defendant’s presence at

the scene of the crime. We observed that

 While the State’s evidence does indicate the defendant was
 present at the scene of the crime, the State has failed to
 present substantial evidence that the defendant intended
 to aid Miller or communicated such intent to Miller. A
 defendant’s mere presence at the scene of the crime does
 not make him guilty of felonious larceny even if he
 sympathizes with the criminal act and does nothing to
 prevent it.

Capps, 77 N.C. App. at 402-03, 335 S.E.2d at 190. This Court concluded that

“defendant’s presence at the scene of the crime, without more, does not show intent

to aid.” Id. at 403, 335 S.E.2d at 191.

 We then further examined the defendant’s conduct, in an attempt to find

evidence of the defendant’s intent to aid Miller. We held that

 The evidence in this case shows only that Miller told
 defendant he was going to get his clothes. There is no
 evidence that (1) defendant drove Miller to [the nightclub]
 with the purpose of aiding and abetting him in the
 commission of the larceny; (2) defendant observed Miller
 commit the crime; (3) defendant handled the stolen items;
 or (4) defendant participated in any discussions about the
 crime. There is no evidence from which the jury could infer
 that the defendant gave active encouragement to Miller, or
 that he made it known to Miller that he was ready to
 render assistance, if necessary.

 3
 STATE V. CANNON

 CALABRIA, J., dissenting

Id. We concluded that, “[a]lthough there are circumstances which point suspicion

toward defendant, insufficient evidence exists from which intent to aid can be

inferred. The State’s evidence fails to show that defendant intended to aid Miller in

the crime or that defendant communicated intent to aid to Miller.” Id.

 I respectfully submit that the facts in this case mirror those in Capps. The

State’s evidence demonstrated merely that Defendant was present at the scene of the

crime. It demonstrated that Defendant’s intent was to drive Eversole and Black to

the Wal-Mart for money. There is no evidence that (1) Defendant drove Eversole and

Black to the Wal-Mart with the purpose of aiding and abetting them in the

commission of the larceny; (2) Defendant observed Eversole and Black committing

the crime; (3) Defendant handled the stolen goods; or (4) Defendant participated in

any discussions about the crime. As in Capps, there is no evidence from which the

jury could infer that Defendant gave active encouragement to Eversole and Black, or

that he made it known to Eversole and Black that he was ready to render assistance,

if necessary.

 For these reasons, I would argue that the State failed to present substantial

evidence of each element of aiding and abetting larceny. Therefore, I would argue

that the trial court erred in denying defendant’s motion to dismiss.

 4