CALABRIA, Judge, dissenting.
For the following reasons, I respectfully dissent.
Defendant was charged with aiding and abetting larceny, and moved to dismiss the charge on the ground that the State had failed to present sufficient evidence of each essential element of the charge. The majority opinion holds, however, that Defendant's statement to law enforcement, that Eversole and Black paid him to transport them from Gastonia to Denver, was sufficient evidence of Defendant's guilt. Specifically, the majority observes that "the impracticality of traveling this distance and through areas with other Wal-Mart stores creates a reasonable inference of an improper purpose that, along with other incriminating aspects of the evidence, demonstrates the intent of Defendant to aid and abet larceny."
Distance traveled, alone, is insufficient evidence to support the guilt of a defendant. The existence of taxis, and services such as Uber and Lyft, demonstrates that there are people willing to pay others to drive them long distances, and others who are willing to drive them distances for money. The majority's opinion would render such individuals guilty of aiding and abetting simply on the premise that it is "impractical[ ]" to drive such a distance, and that accepting money to do so is somehow evidence of an improper purpose.
The State's evidence established that Eversole and Black paid Defendant to drive them from Gastonia to the Wal-Mart, entered the Wal-Mart, and stole merchandise. The State had the burden of showing that Defendant was present at the scene of the crime, that Defendant intended to aid Eversole and Black, and that Defendant communicated his intent to do so. See State v. Capps , 77 N.C.App. 400, 402, 335 S.E.2d 189, 190 (1985).
*801 Even assuming arguendo that Defendant's presence in the parking lot satisfied the element of presence, the fact that Defendant was willing to accept money to transport two individuals from Gastonia to Denver, a distance of roughly twenty-six miles, for a purpose not explicitly criminal does not satisfy the remaining two elements. It does not demonstrate that Defendant intended to aid Eversole and Black in any criminal endeavor, nor that he expressed that intent at any time, nor should it be construed to do so. I disagree with the majority that Defendant should have realized that Eversole and Black had an improper purpose in paying him fifty dollars to drive them to a Wal-Mart. Absent any evidence that Defendant was aware of their criminal aims, the State's case should not have gone to the jury.
In Capps , the evidence showed that the defendant drove his girlfriend, Debbie Hubbard, and friend, Sammy Miller, to a nightclub. Miller told the defendant that he wanted to get his clothes out of a car, and once out of the defendant's sight, Miller broke into a vehicle. The defendant was subsequently indicted for aiding and abetting Miller in the offenses of felonious breaking or entering a motor vehicle and felonious larceny, and the trial court denied the defendant's motion to dismiss.
On appeal, this Court first examined the impact of the defendant's presence at the scene of the crime. We observed that
While the State's evidence does indicate the defendant was present at the scene of the crime, the State has failed to present substantial evidence that the defendant intended to aid Miller or communicated such intent to Miller. A defendant's mere presence at the scene of the crime does not make him guilty of felonious larceny even if he sympathizes with the criminal act and does nothing to prevent it.
Capps , 77 N.C.App. at 402-03, 335 S.E.2d at 190. This Court concluded that "defendant's presence at the scene of the crime, without more, does not show intent to aid." Id . at 403, 335 S.E.2d at 191.
We then further examined the defendant's conduct, in an attempt to find evidence of the defendant's intent to aid Miller. We held that
The evidence in this case shows only that Miller told defendant he was going to get *205 his clothes. There is no evidence that (1) defendant drove Miller to [the nightclub] with the purpose of aiding and abetting him in the commission of the larceny; (2) defendant observed Miller commit the crime; (3) defendant handled the stolen items; or *802 (4) defendant participated in any discussions about the crime. There is no evidence from which the jury could infer that the defendant gave active encouragement to Miller, or that he made it known to Miller that he was ready to render assistance, if necessary.
Id . We concluded that, "[a]lthough there are circumstances which point suspicion toward defendant, insufficient evidence exists from which intent to aid can be inferred. The State's evidence fails to show that defendant intended to aid Miller in the crime or that defendant communicated intent to aid to Miller." Id.
I respectfully submit that the facts in this case mirror those in Capps . The State's evidence demonstrated merely that Defendant was present at the scene of the crime. It demonstrated that Defendant's intent was to drive Eversole and Black to the Wal-Mart for money. There is no evidence that (1) Defendant drove Eversole and Black to the Wal-Mart with the purpose of aiding and abetting them in the commission of the larceny; (2) Defendant observed Eversole and Black committing the crime; (3) Defendant handled the stolen goods; or (4) Defendant participated in any discussions about the crime. As in Capps , there is no evidence from which the jury could infer that Defendant gave active encouragement to Eversole and Black, or that he made it known to Eversole and Black that he was ready to render assistance, if necessary.
For these reasons, I would argue that the State failed to present substantial evidence of each element of aiding and abetting larceny. Therefore, I would argue that the trial court erred in denying defendant's motion to dismiss.